U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 0 2 2005

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| MICHAEL SAMPSON | CIVIL ACTION NO. 05-0969-A |
| VS. | SECTION P |
| TIMOTHY WILKINSON, WARDEN | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Before the court is the petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Michael Sampson on June 1, 2005. Sampson is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Winn Correctional Center, Winnfield, Louisiana where he is serving concurrent hard labor sentences of fifteen and seven years imposed following his February, 2001 felony convictions in the Twelfth Judicial District Court, Avoyelles Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

The petition, its accompanying memorandum and exhibits, along with the published jurisprudence of the State of Louisiana establish the following relevant facts:

1. On February 26, 2001 petitioner pled guilty to one count of attempted forcible rape and one count of simple robbery in the

Twelfth Judicial District Court. In accordance with a plea agreement he was sentenced to serve concurrent sentences of fifteen and seven years. [Doc. 1-1, paragraphs 1-4] Petitioner did not appeal.

2. On January 14, 2002 petitioner filed a *pro se* "Motion for Leave to Appeal Judgment of Conviction Out-of-Time and for Appointment of Counsel." [Exhibit 1]

3. On March 19, 2002, petitioner filed an "Application for Supervisory Writ of Mandamaus" in the Third Circuit Court of Appeals. Therein he alleged that the District Court had failed to act on his Motion for Out-of-Time Appeal. This matter was apparently docketed as case number 02-00327-KH in the Third Circuit Court of Appeals. [Exhibit 2]

On June 19, 2002, the Third Circuit ruled on the writ application and noted the following, "Information obtained from the Avoyelles Parish Clerk's Office indicates that Relator's 'Motion for Leave to Appeal Judgment of Conviction Out-of-Time and for Appointment of Counsel' was never received and filed with their office. Accordingly, Relator's application is granted for the sole purpose of transferring the 'Motion for Leave to Appeal Judgment of Conviction Out-of-Time and for Appointment of Counsel' to the trial court for filing, consideration, and ruling thereon." See <u>State of Louisiana v. Michael A. Sampson</u>, No. KH-02-00327 (La. App. 3d Cir. 6/19/2002) [Exhibit 3]

On September 23, 2002 petitioner wrote to the Third Circuit Court of Appeals and advised that the district court had not yet acted on his "Motion." [Exhibit 4] On September 26, 2002, the Third Circuit apparently accepted the letter as a writ application and docketed it as case number 02-01169-KH. [Exhibit 5] On June 5, 2002 petitioner again corresponded with the Clerk of the Third Circuit seeking resolution of his previous Motion. [Exhibit 6] On May 21, 2003 the Third Circuit denied petitioner's Motion stating, "The lower court ruled on Relator's Motion for Leave to Appeal Judgment of Conviction Out-of-Time and For Appointment of Counsel on July 18, 2002, rendering his motion to this court moot." State of Louisiana v. Michael Sampson, No. KM 02-01169 (La. 9/26/2002). [Exhibit 6-A]

4. Meanwhile, on March 14, 2003, petitioner submitted an "Application for Supervisory Writ of Certiorari and/or Alternatively, Writ of Mandamus" to the Louisiana Supreme Court. This writ application sought review of the Third Circuit's ruling under Docket Number KH-02-00327. [Exhibit 7]

5. On May 23, 2003 petitioner filed pleadings in the Louisiana Supreme Court seeking review of an action of the Third Circuit Court of Appeals under that court's docket number KH 02-00040. The writ application was assigned the Supreme Court's docket number 2003-KH-1652. [Exhibit 8]

6. On July 18, 2003 the Supreme Court rejected some previous

3

pleading filed by the petitioner because he had failed to provide copies of various documents required by court rules and the Code of Criminal Procedure. [Exhibit 9]

7. On August 29, 2003, the Supreme Court issued a ruling in the proceeding which sought review of the Third Circuit's action under Docket Number KH 02-00327. Therein the court transferred "...the application to the Court of Appeal, Third Circuit, for enforcement of its order in State v. Sampson, 02-0327 (La. App. 3d Cir. 6/19/02), if it has not done so already." See State ex rel. Michael Sampson v. State of Louisiana, 2003-1652 (La. 8/29/2003), 852 So.2d 1004. [Exhibit 10]

8. On September 10, 2003 petitioner filed another writ application in the Louisiana Supreme Court seeking review of the Third Circuit's ruling in case number KM 02-1169. That writ application was assigned Supreme Court Docket Number 2003-KH-2532. On October 1, 2004 the Supreme Court denied writs having found the action was moot because the district court had acted on petitioner's pleadings. See State ex rel. Michael Sampson v. State of Louisiana, 2003-2532 (La. 10/1/04), 883 So.2d 1000. [Exhibits 11-12]

9. Petitioner's federal *habeas corpus* pleading was signed on June 1, 2005 and received and filed herein on June 3. Petitioner argues that he was "...Denied Right to an Appeal, Due Process Violation, and Breach of Plea Agreement." [Doc. 1-4, p. 2]

4

## LAW AND ANALYSIS

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. Villegas v. Johnson, 184 F.3d 467, 468 (5th Cir. 8/9/1999); Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. §2244(d)(1)(A) now provides a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[1]

The tolling provision set forth in 28 U.S.C. §2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period. Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. §2244(d)(2). However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v.

---

[1] Petitioner does not suggest that the period of limitation should be reckoned from any other event as provided in subsections (B), (C), or (D) of §2244(d)(1).

Johnson, 154 F.3d 196, 197 (5th Cir.1998). Federal courts may raise the one-year time limitation *sua sponte*. Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1999).

Thus, in order to do an accurate timeliness analysis under §2244(d)(1)(A), four dates are generally necessary: (1) the date upon which the judgment of conviction and sentence became final; (2) the date(s) upon which any applications for post-conviction or other collateral relief was properly filed; (3) the date upon which these applications for post-conviction or other collateral relief ceased to be properly filed; and, (4) the date upon which the federal *habeas corpus* petition was filed. Petitioner has generally provided these dates.

Petitioner was convicted and sentence was imposed on February 26, 2001. For AEDPA purposes, petitioner's judgment of conviction and sentence "became final by the conclusion of direct review or the expiration of the time for seeking such review" [28 U.S.C. § 2244(d)(1)(A)], five days (more or less) following sentencing, or on or about March 6, 2001.[2] See Roberts v.

---

[2] See La. C.Cr.P. art. 914(b)(1) which, at the time of petitioner's conviction and sentencing provided, "The motion for an appeal must be made no later than [f]ive days after the rendition of the judgment or ruling from which the appeal is taken." Art. 914 was amended by Act No. 949, § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days. That provision became effective sometime in August, 2003. Therefore, when petitioner was sentenced, he had a period of five days within which to file an appeal.

La. C.Cr.P. art. 13 provides: "In computing a period of time

6

Cockrell, 319 F.3d 690, 694 (5th Cir.2003) (if defendant stops the appeal process before entry of judgment by court of last resort, the conviction becomes final when the time for seeking further direct review in the state court expires.)

Under 28 U.S.C. § 2244(d)(1) petitioner therefore had one year from the date upon which his judgment of conviction became final or until March 6, 2002 to file his federal *habeas corpus* petition.

Petitioner filed his "Motion for Leave to Appeal Judgment of Conviction Out-of-Time and For Appointment of Counsel" on January 14, 2002, and, giving the petitioner the benefit of every doubt, his post-conviction proceedings remained pending until the Louisiana Supreme Court issued its writ denial on October 1, 2004. See State ex rel. Michael Sampson v. State of Louisiana, 2003-2532 (La. 10/1/04), 883 So.2d 1000. [Exhibits 11-12]

Petitioner will thus be given the benefit of the tolling

---

allowed or prescribed by law...the date of the act, event, or default after which the period begins to run is not to included. The last day of the period is to be included, unless it is a legal holiday, in which event the period runs until the end of the next day which is not a legal holiday. ... A legal holiday is to be included in the computation ... except when ...the period is less than seven days." Petitioner was sentenced on February 26, 2001, a Monday. The five day delay for filing an appeal commenced on March 1, and since March 5 (Saturday), and March 6 (Sunday) were legal holidays the period for filing an appeal motion ended on March 6, 2001.

provisions of 28 U.S.C. §2244(d)(2), and the period between January 14, 2002 - October 1, 2004 will not be counted against his AEDPA limitations period.

However, as stated above, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. Villegas, 184 F.3d 467, citing Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir.1998). Thus, a period of 314 days (10 months and 8 days) elapsed between the date that petitioner's judgment of conviction and sentence became final (March 6, 2001) and the date he filed his post-conviction Motion on January 14, 2002. Furthermore, petitioner could no longer rely upon the tolling provisions of §2244(d)(2) after the Supreme Court's October 1, 2004 writ denial. An additional period of 243 days (or about 8 months) elapsed between the Supreme Court's writ denial and the date petitioner filed his federal *habeas corpus* petition. Thus, a period of more than 18 un-tolled months (approximately 557 days) elapsed between the date of finality of judgment and the date petitioner filed his federal petition. In short, petitioner's habeas corpus is barred by the timeliness provisions of the AEDPA and dismissal on that basis is recommended.

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** because

petitioner's claims are barred by the one-year limitations period codified at 28 U.S.C. §2244(d).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _____ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE